OPINION
Appellant Net Tech Communications appeals a decision by the trial court holding that Net Tech is obligated to indemnify Digital Equipment Corporation for any damages awarded to Appellee Leon Blount in his personal injury action. As a preliminary matter, we must note that Net-Tech failed to set forth assignments of error in its brief as required by App.R. 16 (A) (3).[1] During oral argument, we informed Net-Tech that its brief did not conform to App.R. 16 (A) (3). Although such failure clearly enables us to dismiss Net-Tech's appeal, we will, nevertheless, proceed to address the merits of this appeal in the interest of justice.
Having reviewed the record and the legal arguments of the parties, we affirm the decision of the trial court. The apposite facts follow.
Leon Blount is employed by the Cleveland Board of Education. The Board of Education employed Digital Equipment Corporation ("Digital") to service its computers. Thereafter, Digital entered into an agreement with Net-Tech to perform in-house service on the Board's computers. Net-Tech in turn entered into an independent contract with Donald Cain to service these in-house computers.
On February 28, 1994, while working on a computer system at the Board of Education Building, Cain fell from a chair and landed on Blount, injuring him. On October 12, 1995, appellee Leon Blount filed a personal injury complaint against Digital, Net-Tech Communications, Inc., and Donald Cain. Blount alleged that, on February 28, 1994, Cain was performing repair work on a computer system at the Cleveland Board of Education when he fell from a chair and landed on Blount. Blount argued that, at the time of the incident, Cain was acting within the scope of his employment and as the agent for Digital and/or Net-Tech.
Digital and Net-Tech each filed an answer to the complaint, essentially denying Blount's allegations and asserting several affirmative defenses. In his answer to the complaint, Cain also asserted several affirmative defenses, but admitted that, at the time of the incident, he was acting at the direction, supervision, and control of Digital and Net-Tech. Cain also filed a cross-claim for contribution and indemnification against Digital and Net-Tech. Digital and Net-Tech each filed a cross-claim against the other for indemnification or contribution.
In response to Cain' s cross-claim, Digital responded with a general denial. In its answer to Cain's cross-claim, Digital claimed that Cain was an independent contractor. Digital also filed a cross-claim against Cain, asserting that Cain's negligence was primary and active, and that Digital was entitled to indemnification or contribution from Cain for any damages awarded to Blount. Attached to the cross-claim was a copy of a Service Agreement signed on May 7, 1993 between Net-Tech and Cain in which Cain was referred to as an independent contractor. The agreement provided, inter alia:
 During the term of this agreement Donald Cain, working solely as an independent contractor will devote time as on dates specified by Net-Tech Communications, Inc. to perform services for which he/she will be compensated. * * * All service performed are on a self-employed basis. It is understood that Donald Cain is not an employee of Net-Tech Communications, Inc.
On May 2, 1996, Net-Tech filed a motion for summary judgment, alleging that Cain was not an employee but was an independent contractor and that Net-Tech did not retain any control over the method Cain used to fulfill his contract. Net-Tech argued that, since Cain was an independent contractor, Net-Tech was not liable under the doctrine of respondeat superior. Net-Tech also argued that, since Cain had no negative work history with respect to safety, it could not be held liable under a theory of negligent hiring or retention.
Blount responded to Net-Tech's motion for summary judgment by arguing that Digital and Net-Tech were estopped from asserting Cain' s independent contractor status as a defense to liability. Blount attached a copy of a January 1993 "hold harmless/indemnify agreement" between Net-Tech and Digital in which Net-Tech agreed to indemnify Digital from wrongful acts by Net-Tech personnel. The agreement provided, inter alia:
 In consideration of Digital's agreement with Net-Tech Communications, Inc. * * * covering the purchase of goods and/or the performance of services from [Net-Tech], [Net-Tech] agrees to defend, indemnify and hold Digital and its officers, directors, agents, and employees ("Digital") harmless from and against any and all claims, losses, expenses (including reasonable attorney's fees), demands, or judgments ("Claims") which result from or arise out of:
 (a) The presence of Supplier's agents, employees, or subcontractors (Personnel), or equipment on the property of Digital or its customers; or (b) The performance by Supplier of any effort for or on behalf of Digital; or (c) The acts, omissions, or negligence of [Net-Tech] or its personnel; or (d) The use by Supplier or its personnel of Digital's equipment, tool of facilities (Equipment) whether or not any Claims are based upon the condition of such Equipment or Digital's alleged negligence in permitting its use. Permission by Digital to use any such Equipment shall be gratuitous.
Blount also alleged that Net-Tech's "help desk" provided assistance via telephone for Cleveland Board of Education personnel who had problems with the computer equipment. Blount also alleged that Cain wore an identification badge issued by Digital, used equipment, tools, and personnel support provided by Digital, and that Cain considered Net-Tech officer Santa Ross his supervisor.
In response, Net-Tech argued that Cain was not a Net-Tech employee and thus Cain's relationship with Digital was irrelevant to Net-Tech's motion for summary judgment. Net-Tech further argued that the indemnification agreement between Net-Tech and Digital had no bearing on its motion for summary judgment.
In an October 25, 1996 journal entry, the trial court granted Net-Tech's motion for summary judgment and ordered Blount's claims against Net-Tech dismissed with prejudice.
On January 22, 1997, Digital amended its cross-claim against Net-Tech to add a claim for breach of the January 1993 contract in which Net-Tech agreed to indemnify Digital on any and all claims. In response to the amended cross-claim, Net-Tech replied that Digital negligently installed the shelf which held the computer equipment.
On March 19, 1997, Digital and Cain filed a motion for summary judgment on Blount's claims. On March 27, 1997, Digital and Cain filed an amended motion for summary judgment reflecting its position that Digital and Cain were entitled to summary judgment on their cross-claims against Net-Tech, alleging that they could not be held liable to Net-Tech under the terms of the "hold harmless and indemnify agreement" between Digital and Net Tech.
In response, Net-Tech argued that the trial court's granting of its motion for summary judgment on Blount's complaint established that Net-Tech did not act negligently and that Cain was not an agent of Net-Tech at the time of the incident. Accordingly, Net-Tech argued, Digital's cross-claim must fail. Net-Tech also argued that the "hold harmless and indemnify agreement" applied only to Net-Tech's agents, employees, and subcontractors and had no application to the actions of Cain who was an independent contractor.
In a June 18, 1997 journal entry, the trial court granted Digital and Cain's amended motion for summary judgment as to their cross-claims against Net-Tech. Net-Tech's motion for summary judgment against Digital and Cain was denied. The trial court held that Net-Tech admitted in its own pleadings that the "hold harmless and indemnify" agreement was intended to cover independent contractors such as Cain. According to the trial court, Net-Tech's pleadings made clear that it believed Cain to be an agent of Digital. Because the "hold harmless and indemnify" agreement provided that Net-Tech was to indemnify "Digital and its officers, directors, agents, and employees," Net-Tech was obligated to indemnify Digital and Cain.
On August 22, 1997, Digital and Cain moved for clarification of the trial court's ruling. Digital and Cain argued Net-Tech's counsel refused to defend or indemnify them in Blount's lawsuit because the trial court's decision was not a final, appealable order. Digital and Cain asked the trial court to issue an order compelling Net-Tech to comply with the court's decision. On September 16, 1997, Net-Tech asked the trial court to reconsider its ruling on the summary judgment motions in light of the court's ruling that Cain was acting as an agent of Digital. Net-Tech argued that there remained claims against Digital from actions independent of Cain's conduct, namely the negligent installing of the computer shelf.
In a December 26, 1997 journal entry, the trial court denied Net-Tech's motion for reconsideration.
 Net-Tech admitted in its own pleadings that the indemnification agreement between Net-Tech and Digital states that Net-Tech would indemnify Digital for any losses caused by independent contractors such as Donald Cain. Net-Tech is bound by its pleadings and must therefore defend and indemnify Digital. Because Cain was also an agent of Digital, pursuant to the indemnification agreement, Net-Tech must also indemnify Cain.
[Journal entry of 12/26/97.]
On September 15, 1998, the parties filed the following stipulation:
 We, the attorneys for the respective parties, do hereby stipulate that plaintiff's claims against all parties in the within action are settled and dismissed, with prejudice, at defendants' costs. Said dismissal of plaintiff's claims in conjunction with the prior disposition through the summary judgment rulings by the Court as to the claims by and between the defendants serve to adjudicate all the claims and the rights and liabilities of the parties. Said adjudication herein being final, there being no just reason for delay. The Court may enter an order accordingly.
This appeal followed.
Net-Tech challenges the trial court's grant of summary judgment in favor of Digital and Cain on their cross-claims for indemnification against Net-Tech. Net-Tech argues the trial court erred in holding that Net-Tech is obligated to defend and indemnify Digital in that the indemnification clause does not apply to claims arising out of the conduct of "independent contractors." The trial court ruled that Net-Tech could not argue that Cain's status as an independent contractor precluded him from being covered by the indemnification agreement because Net-Tech admitted in its Reply to Plaintiff's Brief in Opposition to Net-Tech's Motion for Summary Judgment that the indemnification agreement was intended to cover independent contractors hired by Net-Tech. Net-Tech argues that the language relied on by the trial court was a misstatement. However, a party is bound by its written admissions that appear in its pleadings, which are a part of the record. Waite v. Waite (September 14, 1984), Lucas App. No. L-84-089, unreported. Furthermore, the record is devoid of any effort by Net-Tech to correct its "misstatement."
Even if we accept Net-Tech's argument that Cain was an independent contractor, he is still governed by the indemnification agreement's provision that Net-Tech would indemnify Digital and its agents and employees for injuries arising out of "the presence of [Net-Tech's] agents, employees,or subcontractors (Personnel) or equipment on the property of Digital or its customers." (Emphasis added.) Ross stated in her deposition that Digital had a preexisting contract with the Cleveland Board of Education for servicing its computer equipment. Net-Tech entered into a contract with Digital to provide in-house repair service to the Cleveland Board of Education on Digital's behalf. Ross contracted with Cain and paid him to provide the in-house repair service. Therefore, Cain is a subcontractor of Net-Tech and falls within the contract's designation of Net-Tech "personnel."
The record is replete with evidence that Cain acted as an agent of Digital. Cain wore a Digital badge while on the job. He used tools provided by Digital. Digital provided him with his work assignments (service calls). Digital determined whether a particular job or piece of equipment was covered by a service contract. Cain's work and work habits had to be approved by Digital. The evidence presented makes clear that Cain was Net-Tech "personnel" and that he also acted as an agent for Digital. Accordingly, the trial court correctly concluded that the indemnification agreement covered Cain.
We also reject Net-Tech's assertion that its direct claims against Digital for failure to adequately train, instruct and/or supervise Cain, negligence in hiring Cain, and negligent installment of the shelf that fell. However, it is well-settled that when faced with a summary judgment motion, a party may not rest upon its pleadings, but must go forward with evidence showing there is a genuine issue of material fact for trial.Anderson v. Liberty Lobby, Inc. (1986), 477 U.S. 242, 250,106 S.Ct. 2505, 2511, 91 L.Ed.2d 202. Net-Tech failed to go forward with any evidence beyond its complaint to support its other negligence claims against Digital. Accordingly, the trial court properly granted summary judgment on those claims.
We also reject Net-Tech's argument that the indemnification agreement violates R.C. 2305.31. A defense alleging the illegality of a contract is an affirmative defense. CountrymarkCoop. v. Smith (1997), 124 Ohio App.3d 159, 164, citingMcCabe/Marra Co. v. City of Dover (1995), 100 Ohio App.3d 139, appeal dismissed, 72 Ohio St.3d 1529; Arthur Young Co. v. Kelly
(1993), 88 Ohio App.3d 343, cause dismissed, 67 Ohio St.3d 1462. As such, it must be raised in a responsive pleading or it is deemed waived. McCabe/Marra Co. v. City of Dover (1995),100 Ohio App.3d 139, 147. Net-Tech did not raise the issue of the illegality of the indemnification agreement and, therefore, has waived this issue.
Assuming, arguendo, that the issue had not been waived, we find that R.C. 2305.31 is not applicable to the facts of this case. R.C. 2305.31 provides that indemnity agreements in which the promisor agrees to indemnify the promisee for the promisee's negligence are against public policy in contracts "relative to the design, planning, construction, alteration, repair, or maintenance of a building, structure, highway, road, appurtenance, and appliance, including moving, demolition, and excavating connected therewith." Net Tech argues that a computer maintenance agreement is a contract for maintenance of an "appliance" and urges us to follow Lamb v. Armco (1986), 34 Ohio App.3d 288, 518 N.E.2d 53, at paragraph two of the syllabus which held that "appliance" refers to an accessory, fixture or attachment to real estate. Net-Tech summarily argues that the Board of Education's computer system falls within this definition. We disagree.
 "A fixture is an article which was a chattel, but which by being physically annexed or affixed to the realty, became accessory to it and part and parcel of it. But the precise point in the connection with the realty, where the article loses the legal qualities of a chattel and acquires those of the realty, often presents a question of great nicety and sometimes difficult determination."
Wireman v. Keneco Distributors, Inc. (1996), 75 Ohio St.3d 103,106, 661 N.E.2d 744, citing Teaff v. Hewitt (1853), 1 Ohio St. 511,527.
The above quote indicates that a determination of what constitutes an "accessory" or a "fixture" is not one which can be made without careful consideration of the facts and circumstances. There is no evidence in the record as to the size of the computer system or the extent to which it is affixed on the school board premises. As discussed above, illegality of a contract is an affirmative defense for which Net-Tech bears the burden of proof. See Countrymark at 164. Net-Tech failed to go forward with evidence establishing the applicability of the statute. Accordingly, Net-Tech's arguments are without merit.
The judgment of the trial court is affirmed.
It is ordered that appellee recover of appellant his costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
JOHN T. PATTON, P.J., and MICHAEL J. CORRIGAN, J., CONCUR.
 ___________________________ PATRICIA ANN BLACKMON JUDGE
[1] See appendix.
 APPENDIX
Appellant's brief contained the following subject headings:
I. THE TRIAL COURT ERRED IN HOLDING THAT NET-TECH IS OBLIGATED TO DEFEND AND INDEMNIFY DIGITAL IN THAT THE INDEMNIFICATION CLAUSE DOES NOT APPLY TO CLAIMS ARISING OUT OF THE CONDUCT OF "INDEPENDENT CONTRACTORS.
II. THE TRIAL COURT ERRED IN HOLDING THAT NET-TECH IS OBLIGATED TO DEFEND AND INDEMNIFY DIGITAL OR DONALD CAIN IN THAT SUCH INDEMNIFICATION WOULD BE VIOLATIVE OF PUBLIC POLICY.
III. THE TRIAL COURT ERRED IN HOLDING THAT NET-TECH IS OBLIGATED TO DEFEND AND INDEMNIFY DONALD CAIN IN THAT CAIN SPECIFICALLY WAIVED HIS RIGHT TO ASSERT THAT HE WAS ENTITLED TO PROTECTION UNDER THE INDEMNIFICATION CLAUSE.
IV. THE TRIAL COURT ERRED IN HOLDING THAT NET-TECH IS OBLIGATED TO DEFEND AND INDEMNIFY DIGITAL AND DONALD CAIN IN THAT THERE EXISTED CLAIMS AGAINST BOTH DIGITAL AND CAIN OUTSIDE THE SCOPE OF THE INDEMNIFICATION CLAUSE.